IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS KALIER RODRIGUEZ and<br>STEPHANIE ANN MARCOV,<br><br>Defendants. | No. 17-MJ-04-CJW<br><br>PROBABLE CAUSE ORDER |

This matter came before the Court for preliminary examination on January 17, 2017, for both defendants. Assistant United States Attorney Anthony Morfitt appeared on behalf of the government. Defendant Carlos Kalier Rodriguez appeared personally and through his attorney, Mark Meyer, and defendant Stephanie Ann Marcov appeared personally and through her attorney, John Jacobsen. The Court received and admitted government's Exhibit 1 (affidavit of ICE/HSI Special Agent Christopher S. Cantrell) into evidence (Doc. 5). No witnesses appeared at the hearing.

On January 10, 2017, a criminal complaint alleging wire fraud, money laundering, and conspiracy was filed (Doc. 5). The criminal complaint was signed under oath by this Court and Special Agent Christopher Cantrell, whose affidavit was attached (Doc. 5). On January 12, 2017, the Court held an initial appearance at which the government moved for the detention of both defendants; only defendant Carlos Rodriguez requested a detention hearing (Doc. 20). At the hearing on January 17, 2017, defendant Carlos Rodriguez waived his detention hearing. Thus, the Court only held a joint preliminary examination hearing for both defendants on January 17, 2017.

1

The complaint charges defendants with wire fraud in violation of 18 U.S.C. § 1343; money laundering in violation of 18 U.S.C. § 1956, 1957; and conspiracy in violation of 18 U.S.C. § 371. The Court finds that the government has established probable cause to believe that defendants committed the charged offense. *See* FED. R. CRIM. P. 5.1(e). The Court makes this finding based on the totality of the information contained in the affidavit, admitted into evidence as government's Exhibit 1. In particular, with respect to defendant Carlos Rodriguez, Special Agent Cantrell attested that on or about July 7, 2016, a Confidential Informant by the initials of S.M. worked for the organization as a runner. S.M. confirmed that defendant Carlos Rodriguez would inform him of wire transfers for the organization using Facebook or the Telegram app. S.M. was paid $20 for each wire transfer that he received. S.M. stated that defendant Rodriguez would keep $300 from each transaction and would send the remainder of the money to the Dominican Republic. S.M. identified the man in defendant Carlos Rodriguez's Facebook profile picture as Carlos Rodriguez. Given that information, combined with the rest of the evidence in the affidavit, the Court finds that the government has met the low threshold of showing probable cause to believe that defendant Rodriguez was involved in a scheme to defraud others out of money, conspiracy to commit the offense, and the commission of money laundering.

With regard to defendant Stephanie Marcov, Special Agent Cantrell testified that in response to a federal search warrant issued in this district on July 16, 2016, law enforcement received information contained within defendant Carlos Rodriguez's Facebook account. Contained in this information was a string of messages between both defendants on April 19, 2016, which discussed the nature of the wire transfer activity. In this string of messages, defendant Carlos Rodriguez warned defendant Stephanie Marcov about the dangers of her husband's activities and sent her a link to a news article. The Affidavit also established that someone using Stephanie Marcov's identification

received wired funds from fraud victims and wired more than $50,000 to the Dominican Republic. Although it is possible that someone else used her identification for these wire transfers, there is no evidence of that before the Court. Accordingly, the Court must accept at face value the appearance from the affidavit that Stephanie Marcov was the one who engaged in these wire transfers, and at least some of these transactions took place after the April Facebook exchange in which the illegality of the conduct was discussed. Again, taking the evidence as a whole as related in the affidavit, the Court finds the government has met the low threshold of establishing probable cause to believe Stephanie Marcov was involved in a scheme to defraud others out of money, conspiracy to commit the offense, and the commission of money laundering

Thus, the Court finds that probable cause is established to believe defendants committed the offense charged in the complaint.

**IT IS SO ORDERED** this 17th day of January, 2017.

C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa